While I am in total agreement with the analysis of the conviction of appellant on the child endangerment charge, I must nevertheless dissent. The basis of this dissent is that, in my opinion, the judgment of the court below is interlocutory in nature. I am unable to find any judgment entry of the trial court pertaining to the companion charge in this matter, violation of the protection order.
Since the two charges against appellant, while originally bearing separate case numbers in the trial court record, were heard at the same trial on the merits by the court below, the matters were thereby consolidated in fact. Thus, both charges must be disposed of by the trial court to render its judgment a final appealable order, a prerequisite to vesting this court with jurisdiction to decide the instant appeal.
Crim.R. 13 provides that charges filed under two or more complaints may be tried together, "if the offenses or defendants could have been joined in a single complaint." The rule further states, "The procedure shall be the same as if the prosecution were under such single complaint." Clearly, the purpose of consolidating charges under Crim.R. 13 is to bring the charges together at trial.
The majority opinion determines that we may address appellant's appeal of his conviction for child endangering, without addressing the charge of violation of the protection order, because the two charges against appellant had separate case numbers in the court below, and the trial court never officially consolidated the charges. It is with this conclusion of the majority that I am compelled to disagree.
In my opinion, the court below consolidated these charges against appellant by hearing them both at the same trial on the merits. Thus, there is no final appealable order in the instant case because the trial court failed to enter judgment on both charges. State v. Taylor
(May 26, 1995), Adams App. No. 94CA585, unreported. Consequently, we are without jurisdiction to decide this appeal, which should be dismissed for this reason, and remanded to the trial court for further proceedings.